IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RUSSELL HILLIARD, ELIZABETH HILLIARD, STUART GILBERTSON, KARYN HILLIARD, and KARYN HILLIARD REVOCABLE TRUST,**<br><br>Plaintiffs,<br><br>v.<br><br>**CREDIT SUISSE FIRST BOSTON LLC,**<br><br>Defendant. | CASE NO. 8:06CV285<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Dismiss, Stay, or Transfer (Filing No. 19) and the Plaintiffs' Motion for an Order Directing Arbitration (Filing No. 24). For the reasons stated below, the Defendant's Motion to Dismiss is granted and the Plaintiff's Motion for an Order Directing Arbitration is denied as moot.

**FACTS**

The facts material to the Defendant's Motion to Dismiss are not in dispute. The Plaintiffs collectively owned 400,000 shares of the Series A Convertible Preferred Shares ("Preferred Shares"), issued by Charter Communications, Inc. ("Charter"). (Trade Confirmation, Filing No. 21-4 ("Trade Confirmation")). The Preferred Shares are not publicly traded. (Affidavit of Anthony J. LaCivita., Filing No. 21-2 ("LaCivita Aff.") ¶ 7). In 2004 and 2005, First National Bank of Omaha held a promissory note ("Promissory Note") in the principal amount of approximately $3,725,000 which was secured by the Preferred Shares of the Plaintiffs Russell Hilliard and Elizabeth Hilliard. (Amended Complaint, Filing No. 17 ("Am. Compl.") ¶ 6). The Promissory Note was due on July 15, 2005. *Id.*

The Plaintiffs sought assistance from the Defendant in finding a buyer for the Preferred Shares. (Am. Compl. ¶ 6). On February 28, 2005, the Plaintiffs signed an agreement with the Defendant ("Agreement"), wherein the Defendant agreed to assist the Plaintiffs with respect to their sale of a certain number of Preferred Shares. (Agreement, Filing No. 21-3 ("Agreement") p. 1). On August 19, 2005, the Plaintiffs, as Sellers, and the Defendant, as Buyer, executed a trade confirmation with respect to the Preferred Shares, reflecting a trade date of March 31, 2005, and a purchase price of $22,400,000 ("Trade Confirmation"). (Filing No. 21-4). In August 2005, the Defendant successfully completed a refinancing of approximately $8 billion of Charter debt. (Am. Compl. ¶ 10).

In October 2005, representatives of Charter offered to buy 484,908 shares of the Preferred Shares for an aggregate purchase price of approximately $29,000,000 and the Plaintiffs agreed. (Plaintiffs' Amended Complaint, Filing No. 17 ("Am. Compl.") ¶ 14; LaCivita Aff. ¶ 23). On November 2, 2005, the Defendant learned of the Plaintiffs' sale of the Preferred Shares. (LaCivita Aff. ¶ 23). On November 15, 2005, the Defendant sent a letter to the Plaintiffs explaining that the Defendant intended to pursue all legal remedies against the Plaintiffs, should the Plaintiffs fail to provide compensation. (LaCivita Aff. ¶ 24). On February 27, 2006, the Defendant's counsel sent a letter to the Plaintiffs ("February 27, 2006 Letter") demanding compensation for the Plaintiffs' alleged breach of the terms of the Trade Confirmation. (Affidavit of Gideon A. Schor, Filing No. 21-6 ("Schor Aff.") ¶ 4). The February 27, 2006 Letter stated: "If you fail to compensate Credit Suisse for all damages it sustained as a result of your breach of the Trade Confirmation by March 10, 2006, please be advised that, on behalf of Credit Suisse, this firm intends to commence litigation against you forthwith." (Filing No. 21-7).

On March 10, 2006, the Plaintiffs filed a complaint in the District Court in Douglas County, Nebraska. (Notice of Removal, Filing No. 1-1, ¶ 2). On March 13, 2006, having received no response from the Plaintiffs, the Defendant's counsel e-mailed the Defendant a draft complaint against the Plaintiffs. (Schor Aff. ¶ 5). On March 14, 2006, the Defendant received notice of the Plaintiffs' Nebraska filing and filed an action against the Plaintiffs for breach of contract and promissory estoppel in the United States District Court for the Southern District of New York. (Schor Aff. ¶ 6-7). On June 22, 2006, the Plaintiffs filed, in the Southern District of New York, a motion to dismiss, compel arbitration, stay or transfer venue to the District of Nebraska. ("SDNY Notice of Motion to Dismiss, Compel Arbitration, Stay or Transfer Venue"). On June 29, 2006, the Southern District of New York stayed decision on the Plaintiffs' Motion to Dismiss, Compel Arbitration, Stay or Transfer Venue pending determination of the motions presently pending in this court.

On March 24, 2006, the Defendant removed the Plaintiffs' Complaint to this Court. (Notice of Removal, Filing No. 1). On April 26, 2006, the Plaintiffs filed the Amended Complaint seeking declaratory relief from the Trade Confirmation and seeking further relief based on alleged violations of the Nebraska Consumer Protection Act, and theories of promissory estoppel, misrepresentation, and breach of fiduciary duty. (Am. Compl.). The Plaintiffs' declaratory and non-declaratory claims all arise from the Defendant's alleged conduct during the performance of the Trade Agreement. *Id.* The Plaintiffs allege that the Defendant acted improperly by gaining knowledge of First National Bank of Omaha's due date on the Promissory Note and failing to notify the Plaintiffs of the Defendant's refinancing of Charter's debt. *Id.* The Plaintiffs allege that the Defendant effectively sought to preclude the Plaintiffs from selling or marketing their stock to anyone other than the

3

Defendant. (Am. Compl. ¶ 24). On May 12, 2006, the Defendant filed a Motion to Dismiss, Transfer or Stay. (Filing No. 19). On June 1, 2006, the Plaintiffs filed a Motion to Compel Arbitration. (Filing No. 24).

The Plaintiffs during the times relevant to this lawsuit were residents of and domiciled in the state of Nebraska; however, Plaintiffs Russell Hilliard and Elizabeth Hilliard are now residents of the state of Wyoming. (Am. Compl. ¶ 1). The Defendant is a full-service financial services company and is a Delaware corporation with its headquarters and principal place of business in New York. (LaCivita Aff. ¶ 5; Am. Compl. ¶ 2). The Plaintiffs' potential witnesses from First National Bank of Omaha are located in Nebraska. (Declaration of Karyn Hilliard, Filing No. 26-8 ("K. Hilliard Decl.") ¶ 11; Declaration of Stuart Gilbertson, Filing No. 26-11 ("Gilbertson Decl.") ¶ 6). Bob Sirens, the Defendant's agent and potential witness, is located in Illinois. (K. Hilliard Decl. ¶ 2; Gilbertson Decl. ¶ 3). Paul Allen, President of Charter and potential witness, also resides in Washington. (K. Hilliard Decl. ¶ 11; Gilbertson Decl. ¶ 6).

## DISCUSSION

Under the first-filed rule, the first court in which jurisdiction attaches has priority to consider the case absent "compelling circumstances" that suggest a "race to the courthouse." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). Compelling circumstances may require dismissal of the first-filed suit in favor of a second-filed suit. *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F. 3d 417, 419 (8th Cir. 1999). "Red flags" that indicate the presence of such "compelling circumstances" include: "[F]irst, that the 'first' suit was filed after the other party gave notice of its intention to sue; and, second, that the action was for declaratory judgment rather than for damages

4

or equitable relief." *Boatmen's First Nat'l Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638, 641 (8th Cir. 1995).

Other factors may also indicate the presence of compelling circumstances requiring an exception to the first-filed rule. These "additional factors" include: (1) a short lapse of time from the date the first-filer receives notice of a possible lawsuit by the natural plaintiff to the filing of the first-filer's lawsuit; (2) failure by the first-filer to allege that the natural plaintiff's claims are having an adverse effect on the first-filer; and (3) evidence that the natural plaintiff's choice of venue will be a more convenient forum than the venue chosen by the first-filer. *See Schwendiman Partners, LLC v. Hurt*, 71 F. Supp. 2d 983, 987-88 (D. Neb. 1999); *see also Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993).

Compelling circumstances are present in this case, requiring dismissal of the first-filed action. The first "red flag" has been raised, because this action was filed after the Defendant gave notice of its intention to sue. The Plaintiffs filed their complaint after receiving notice in the February 27, 2006 Letter that the Defendant intended to sue "forthwith" if the Plaintiffs failed to compensate the Defendant by March 10, 2006. (Schor Aff. ¶ 4-6). The February 27, 2006 Letter constitutes the notice necessary to raise this first "red flag". *See, e.g., Anheuser-Bush* 167 F. 3d at 418 (determining that defendant's letter – authorizing its attorneys to take legal action – constituted notice); *Creative Compounds, LLC v. Sabinsa Corp.*, 2004 WL 2601203 at *1 (E.D. Mo. Nov. 9, 2004) (finding the defendant's letter – notifying the plaintiff that it would seek a court order if the plaintiff did not take action by a certain date – constituted notice). The Plaintiffs assert that they had been contemplating suit for "many months prior to receiving the February 27, 2006 letter."

(Plaintiffs' Brief, Filing 25-1, p. 8). However, the Plaintiffs did not show evidence of such contemplation and failed to explain why they chose not to file suit in those "many months" prior to receiving the Defendant's notice, but instead filed this action eleven days thereafter.

The second "red flag" has also been raised, because this action seeks a declaratory judgment, thereby suggesting a "race to the courthouse in an attempt to preempt the natural plaintiff from his or her choice of forum." *Schwendiman Partners* 71 F. Supp. 2d at 987-88. Although the Plaintiffs' Amended Complaint also alleges non-declaratory claims, those non-declaratory claims are closely related to and bound up in the Plaintiffs' primary claim for declaratory relief from the Trade Confirmation. (Am. Compl. p. 5-12). The Plaintiffs are correct in asserting that the relevant Eighth Circuit cases applying the "compelling circumstances" exception to the first-filed rule involve first-filers who brought only declaratory actions. *See, e.g., Anheuser-Busch, Inc.* 167 F.3d at 419 (plaintiff claiming only declaratory relief); *Schwendiman Partners* 71 F. Supp. 2d at 987 (plaintiff claiming only declaratory relief). However, there are no cases standing for the proposition that the pleading of non-declaratory claims in addition to a declaratory claim automatically negates the second "red flag" as a potential "compelling circumstance," supporting an exception to the first-filed rule. Instead, cases from outside the Eighth Circuit provide that the pleading of non-declaratory claims in addition to a declaratory claim *does not* negate the second "red flag". *See, e.g., New England Cord Blood Bank, Inc. v. Alpha Cord, Inc.*, 2004 WL 222357, at *3 (D. Mass. Jan. 21 2004) (holding that because the first-filed action primarily sought declaratory judgment, priority was given to the second-filed action).

6

The first-filed rule is not intended to be inflexible, mechanical, or rigid, and is to be applied "in a manner best serving the interests of justice." *Northwest Airlines* 989 F.2d at 1005 (quoting *Orthmann v. Apple River Campground, Inc.* 765 F.2d 119, 121 (8th Cir. 1985)). The "compelling circumstances" exception to the first-filed rule similarly should be applied in a manner best serving the interests of justice. To hold that the pleading of non-declaratory claims, in addition to a declaratory claim, automatically prevents the application of the "compelling circumstances" exception to the first-filed rule would enable parties to circumvent a natural plaintiff's choice of venue merely by attaching closely-related non-declaratory claims to a primary declaratory claim. Such a rigid interpretation would not be in the interests of justice.

The first of the "additional" factors indicating compelling circumstances is also satisfied in the present case because there was a lapse of only eleven days from the date the first-filer received notice of a possible lawsuit by the Defendant, the natural plaintiff, to the date of the filing of this lawsuit. (Schorr Aff. ¶ 4-6). The second of the "additional" factors is also satisfied because the Plaintiffs have not alleged that the Defendant's pending claims in the Southern District of New York have an adverse effect on the Plaintiffs. The third of the "additional" factors is also satisfied because evidence suggests that the Defendant's choice of venue will be an equally, if not more, convenient forum than the venue chosen by the Plaintiffs. Only two of the Plaintiffs currently reside in Nebraska. (Am. Compl. ¶ 1). Bob Sirens, the Defendant's agent and potential witness for the Plaintiffs, resides in Illinois. (K. Hilliard Decl. ¶ 2; Gilbertson Decl. ¶ 3). Paul Allen, President of Charter and potential witness for the Plaintiffs, resides in Washington. *Id.* Indeed, the only potential witnesses who reside in Nebraska are employees of the First

7

National Bank of Omaha.  (K Hilliard Dec. ¶ 11; Gilbertson Dec., ¶ 6).  The Defendant and all of its employees and relevant files are located in New York.  (LaCivita Aff. ¶ 5; Am. Compl. ¶ 2).

The Defendants' Motion to Dismiss under the compelling circumstances exception to the first-filed rule supersedes the Plaintiffs' Motion to Compel Arbitration because the first-filed rule determines which court has "priority to consider [the] arbitrability question as a matter of comity."  *Keymer Mgmt. Recrutiers Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999).  Because the compelling circumstances exception to the first-filed rule requires dismissal in this case in favor the litigation filed in the Southern District of New York, the Plaintiffs' Motion to Compel Arbitration is denied as moot.[1]

IT IS ORDERED:

    1.  The Defendant's Motion to Dismiss (Filing No. 19) is granted without prejudice to Plaintiffs' right to file appropriate counterclaims in the litigation initiated by Credit Suisse First Boston LLC (now known as Credit Suisse Securities (USA) LLC) against Russell Hilliard, Elizabeth Hilliard, Stuart Gilbertson, Karyn Hilliard, and Karyn Hilliard Revocable Trust in the United States District Court for the Southern District of New York, Civil Action No.1993;

    2.  The Defendants' motion to stay or transfer venue (Filing No. 19) is denied as moot; and

    3.  The Plaintiff's Motion for an Order Directing Arbitration (Filing No. 24) is denied as moot.

DATED this 3rd day of August, 2006.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        United States District Judge

---

[1] On June 22, 2006, the Plaintiffs moved to compel arbitration in the proceedings presently stayed in the Southern District of New York.